FILED
BILLINGS DIV.

2008 FEB 12  AM 8 37

PATRICK E. DUFFY, CLERK

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| STEVEN G. POLESKY; LEANN J. POLESKY; and LEANN J. POLESKY as *guardian ad litem* for KOLTON G. POLESKY, minor child,<br><br>Plaintiffs<br><br>vs.<br><br>JOHN MORRISON, *State Auditor & Commissioner of Insurance*; JULIE GUNLOCK, *Investigator, State Auditor & Commissioner of Insurance*; MICHAEL BLOOM, *Investigator, State Auditor & Commissioner of Insurance*; ROBERTA CROSS GUNS, *Special Assistant Attorney General*, in her official and individual capacity, THE STATE OF MONTANA and DOES 1 through 10 inclusive,<br><br>Defendants. | CV-07-42-BLG-RFC-CSO<br><br>**FINDINGS and RECOMMENDATION of United States Magistrate Judge** |

Plaintiffs ("Polesky") brought this lawsuit after the Montana State Auditor's Insurance Department ("Insurance Department") instigated administrative and criminal proceedings against Steven Polesky following an investigation of products sold by Steven Polesky for a business called Supplemental Benefits Association of Montana ("SBAM"). Pending before the Court is Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *Court's Doc. No. 6.* For reasons stated below, the Court recommends granting the motion.

-1-

## I.   BACKGROUND

On March 15, 2004, the Insurance Department filed a Notice of Proposed Agency Disciplinary Action and Opportunity for Hearing, charging Steven Polesky with multiple violations of the Montana Insurance Code. *Defs.' Mem. Supporting Mot. to Dismiss (Court's Doc. No. 7) Ex. B. at 2.* Also March 15, 2004, the Insurance Department obtained from the state district court in Lewis and Clark County an Investigative Subpoena and Order Not To Disclose, and the Insurance Commissioner issued an Order to Cease and Desist directed at Steven Polesky. *Id., Ex. B at 9, 39-41.* On May 21, 2004, the State of Montana filed in state district court in Dawson County a Motion for Leave to File an Information charging Steven Polesky with theft and elder abuse. *Id., Ex. C at 1.* The state court granted leave to file the Information that same day. *Id., Ex. C at 8.*

On December 10, 2004, Steven Polesky and the Montana Insurance Commissioner executed a Consent Agreement. *Id., Ex. B at 22-25.* Pursuant to the Consent Agreement, Steven Polesky (1) agreed to relinquish his insurance producer's license for five years, (2) repaid all monies paid to SBAM by the individuals identified by the state as victims in the case, and (3) agreed to refrain from any involvement with Big Sky Insurance Services for the five-year period of revocation of his insurance producer's licence. *Id., Ex. B at 24.* In exchange, the Insurance Commissioner agreed to move for dismissal with prejudice of the criminal charges, and not to initiate any further civil or administrative action regarding the allegations contained in the Consent Agreement. *Id., Ex. B. at 25.*

Polesky filed this federal action on March 23, 2007 (*Court's Doc. No. 3*), and amended his Complaint on September 13, 2007. The Amended Complaint states fourteen "claims for relief" based upon alleged violations of 42 U.S.C. §§ 1983, 1985

and 1986, the United States Constitution, the Montana Constitution, and state law. *Amend. Cmplt. ¶¶ 110-201*. Polesky makes detailed factual allegations regarding the Insurance Department's prosecution of his case. *Amend. Cmplt., ¶¶ 57-104*. Polesky essentially alleges that the Insurance Department rushed to prosecute him on incomplete information, *Id., ¶¶ 67-68*, wrongfully publicized the prosecution, *Id., ¶¶ 69-70*, and continued to prosecute him in a manner violating his state and federal rights. *Id., ¶¶ 71-104*. Moreover, Polesky asserts that the underlying prosecution was "terminated in favor of Plaintiff S. Polesky when the court dismissed the charges with prejudice." *Id., ¶ 87*. Polesky alleges that because the case terminated in his favor, " the defendants are estopped ... from denying that the charges brought by them were not true." *Id., ¶ 88*.

Two procedural matters are of particular importance in resolving the pending motion. First, as the State notes, the record indicates that no named defendant has been properly served with the Amended Complaint. *Defs.' Mem. Supporting Mot. to Dismiss at 3*. The State has chosen to waive service and appear on behalf of itself, and the state officials named in their official capacities. See Will v. Michigan Dep't of Police, 491 U.S. 58, 71 (1989). Because the individually named defendants have not been served, however, this Court has no jurisdiction over them to the extent they are named in their individual capacities.

Second, Polesky has not responded to the State's Motion to Dismiss. On November 28, 2007, the State filed its Motion to Dismiss and Memorandum in Support. *See Court's Doc. Nos. 6, 7*. On January 4, 2008, Polesky moved for an extension of time to respond to the State's motion, and filed his notice of no objection by the State on January 14, 2008. *See Court's Doc. Nos. 8, 9*. On January 14, 2008, the Court granted Polesky's motion for extension, and set January 22, 2008, as the deadline for

response, and February 12, 2008 as the deadline for reply. *Court's Doc. No. 10.* Although three weeks have passed since Polesky's response to the State's motion to dismiss was due, Polesky has filed no response.

## II. DISCUSSION

Local Rule 7.1(I) provides: "Failure to file briefs within the prescribed time may subject any motion to summary ruling.... [F]ailure to file a brief by the adverse party shall be deemed an admission that the motion is well taken." Thus, it is within the Court's discretion to deem Polesky's silence to be an admission that the State's Motion to Dismiss is well taken, and to summarily grant the motion.

Before granting this motion to dismiss, the Court must consider five factors: (1) "the public's interest in expeditious resolution of the litigation;" (2) "the court's need to manage its docket;" (3) "the risk of prejudice to the defendants;" (4) "the public policy favoring disposition of the cases in their merits;" and (5) "the availability of less drastic sanctions." Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (*citing* Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). In Ghazali, the Ninth Circuit affirmed a dismissal, pursuant to a district court local rule similar to L.R. 7.1(I), for failure to respond to a Rule 12(b)(6) motion to dismiss. Similar results were reached in Lund v. Brenner, 163 F.3d 606 (9th Cir. 1998) (table) and Roberts v. United States, 2002 WL 1770930 (D.Nev. 2002).

Like the authorities above, after consideration of the Henderson factors, the Court concludes that dismissal is appropriate. This case consumes both judicial resources and the resources of the State. Thus, the first two factors weigh in favor of dismissal. The State has voluntarily appeared and moved to dismiss. No suggestion has been made that a dismissal would be prejudicial to defendants. Accordingly, the third factor also weighs in favor of dismissal.

The fourth factor always weighs against dismissal for failure to file a brief. The Court is not required, however, as it would be in granting a motion for summary judgment under these circumstances, to consider the sufficiency of the State's motion. See Ghazali, 46 F.3d at 54; see also Henry v. Gill. Ind., Inc, 983 F.2d 943, 949-50. The Court may, however, consider the sufficiency of the Amended Complaint and the State's motion. See Lund, 163 F.3d 606. Here, the State's memorandum supporting it's motion is thorough, credible, and leads the Court to conclude that the State's motion appears to have merit. Important factual allegations of the Amended Complaint, in contrast, are refuted by the very documents the Amended Complaint references. For example, Polesky's allegation that the proceedings terminated in his favor and that the State is estopped from denying that the charges were false, *Amend. Cmplt.,* ¶¶ *87-88*, is belied by the Consent Agreement. Steven Polesky accepted serious sanctions, including relinquishing his insurance producer's licence for five years, in exchange for the State's dismissal of charges. In addition, nothing in the Consent Agreement can be interpreted as an admission that the charges against Steven Polesky were false, or as a judicial finding that the charges were false. Thus, the Amended Complaint and the State's motion both reflect poorly on the merits of this action.

Finally, as to the fifth factor, the Court could adopt less drastic sanctions by *sua sponte* granting Polesky another extension of time to respond, but given that Polesky is clearly aware of the time constraints imposed on him due to his earlier motion for extension, the Court has no reason to believe Polesky seeks this opportunity. Thus, the Court concludes after consideration of the Henderson factors that dismissal of Polesky's claim is warranted and the State's motion should be granted.

### III.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendants' Motion to

Dismiss (*Court's Doc. No. 6*) be **GRANTED** and that Defendants State of Montana, and Defendants John Morrison, Julie Gunlock, Michael Bloom, and Roberta Cross Guns, as named in their official capacities, be dismissed with prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall serve a copy of this Findings and Recommendation upon the parties. All parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), any objections to the Findings and Recommendation must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived.

DATED this 12th day of February, 2008.

Carolyn S. Ostby
U.S. Magistrate Judge

-6-