IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2008 MAR 25 AM 9 48
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| STEVEN G. POLESKY; LEANN J. POLESKY; and LEANN J. POLESKY, as *guardian ad litem* for K.G.P., a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN MORRISON, State Auditor & Commissioner of Insurance; JULIE GUNLOCK, Investigator, State Auditor & Commissioner of Insurance; ROBERTA CROSS GUNS, Special Assistant Attorney General, in her official and individual capacity; THE STATE OF MONTANA; and DOES 1 through 10, inclusive;<br><br>Defendants. | CV-07-42-BLG-RFC<br><br>ORDER |

On February 12, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Defendants' Motion to Dismiss be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed an objection on February 27, 2008. Defendants responded to Plaintiffs' objections on March 10, 2008. Plaintiffs' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). Plaintiffs' objections are not well taken.

1

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

The State's motion to dismiss is meritorious. It is apparent that important factual allegations of the Amended Complaint are refuted by the very documents the Amended Complaint references. Plaintiff's allegation that the proceedings terminated in his favor and that the State is estopped from denying the charges were false is belied by the Consent Agreement. Plaintiff accepted serious sanctions, including relinquishing his insurance producer's license for five years, in exchange for the State's dismissal of charges. Nothing in the Consent Agreement can be interpreted as an admission that the charges against Plaintiff were false, or as a judicial finding that the charges were false. Thus, the Amended Complaint and the State's motion both reflect poorly on the merits of this action.

Additionally, two procedural matters were addressed by Judge Ostby. First, the record indicates that no named defendant was properly served by the amended complaint. The State has chosen to waive service and appear on behalf of itself, and the state officials named in their official capacities. Because the individually named Defendants were not served, however, this Court has no jurisdiction over them to the extent they are named in their individual capacities.

Second, Plaintiffs did not respond to the State's Motion to Dismiss, filed on November 28, 2007. On January 4, 2008, Plaintiffs moved for an extension of time to respond to the State's motion. On January 14, 2008, the Court granted Polesky's motion for extension, and set January 22, 2008, as the deadline for response, and February 12, 2008 as the deadline for reply. Plaintiffs

did not respond and Judge Ostby entered her Findings and Recommendation on February 12, 2008.

After consideration of the *Henderson* factors, dismissal is warranted.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [*doc. # 6*] is **GRANTED**.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this ____ day of March, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE