IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| STEVEN G. POLESKY; LEANN J. POLESKY; and LEANN J. POLESKY, as *guardian ad litem* for K.G.P., a minor child,<br><br>           Plaintiffs,<br>vs.<br><br>JOHN MORRISON, State Auditor & Commissioner of Insurance; JULIE GUNLOCK, Investigator, State Auditor & Commissioner of Insurance; ROBERTA CROSS GUNS, Special Assistant Attorney General, in her official and individual capacity; THE STATE OF MONTANA; and DOES 1 through 10, inclusive;<br><br>           Defendants. | CV-07-42-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION |

On April 29, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Defendant Morrison's Motion to Dismiss be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed an objection on May 13, 2008. Plaintiffs filed corrected objections on June 19, 2008. Defendants responded to Plaintiffs' objections on May 30, 2008. Plaintiffs' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). Plaintiffs' objections are not well taken.

1

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Morrison filed a memorandum in support of his motion to dismiss on March 19, 2008. Plaintiff's response was due on April 14, but Plaintiff did not respond nor move for an extension. Local Rule 7.1(I) provides: "Failure to file briefs within the prescribed time may subject any motion to summary ruling. . . [F]ailure to file a brief by the adverse party shall be deemed an admission that the motion is well taken." Thus, it is within the Court's discretion to deem Plaintiff's silence to be an admission that Morrison's motion to dismiss is well taken.

Additionally, after consideration of the *Henderson* factors, dismissal is warranted.[1] This case consumes judicial resources and resources of the State. Thus, the first two *Henderson* factors weigh in favor of dismissal. Morrison has voluntarily appeared and moved to dismiss. No suggestion has been made that a dismissal would be prejudicial to Morrison. The third *Henderson* factor weighs in favor of dismissal. The fourth *Henderson* factor always weighs against dismissal for failure to file a brief. Finally, as to the fifth *Henderson* factor, a look at the case history indicates that Plaintiff is clearly aware of the time constraints imposed on him.

---

[1] Before granting a motion to dismiss, the Court must consider five factors ("herein referred to as the *Henderson* factors): (1) "the public's interest in expeditious resolution of the litigation; (2) "the court's need to manage its docket; (3) "the risk of prejudice to the defendants; (4) "the public policy favoring disposition of the cases on their merits;" and (5) "the availability of less drastic sanctions." *Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995), citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Accordingly, **IT IS HEREBY ORDERED** that Defendant Morrison's Motion to Dismiss [*doc. # 24*] is **GRANTED** and the claims against Defendant John Morrison, as named in his individual capacity, are dismissed with prejudice.

DATED this 4thday of August, 2008.

    _/s/ Richard F. Cebull_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE