FILED
BILLINGS DIV.

2009 JAN 16 PM 1 52

PATRICK E. ___  ____

BY _____
                    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BILLINGS  DIVISION

| | | |
|---|---|---|
| STEVEN G. POLESKY; LEANN J.<br>POLESKY; and LEANN J. POLESKY, as<br>*guardian ad litem* for K.G.P., a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN MORRISON, State Auditor &<br>Commissioner of Insurance;<br>JULIE GUNLOCK, Investigator, State<br>Auditor & Commissioner of Insurance;<br>ROBERTA CROSS GUNS, Special Assistant<br>Attorney General, in her official and<br>individual capacity; THE STATE OF<br>MONTANA; and DOES 1 through 10,<br>inclusive;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CV-07-42-BLG-RFC**<br><br><br><br>**ORDER ADOPTING<br>FINDINGS AND<br>RECOMMENDATION** |

On October 1, 2008, United States Magistrate Judge Carolyn Ostby entered

her Findings and Recommendation.  Magistrate Judge Ostby recommends that the

1

summary judgment motion by Defendants Julie Gunlock and Michael Bloom be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the October 1, 2008 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Plaintiffs brought this lawsuit after the Montana State Auditor's Insurance Department instigated administrative and criminal proceedings against Steve Polesky following an investigation of products he sold for a business called Supplemental Benefits Association of Montana ("SBAM"). Defendants Bloom and Gunlock seek summary judgment arguing that Polesky cannot identify the Constitutional or federal statutory rights denied him, and thus cannot state a 42 U.S.C. § 1983 or § 1985 claim. They also contend that Polesky's state law claims

2

fail on the basis of quasi-judicial immunity and because claims against Bloom and Gunlock individually are barred by Mont. Code Ann. § 2-9-305(5).

· The question before the Court is whether any genuine and material factual issues exist regarding Bloom and Gunlock's potential liability to Polesky under federal or state law. The Court concludes that there is an absence of evidence supporting Polesky's federal and state claims, Polesky has not set forth specific facts showing a genuine issue for trial, and Bloom and Gunlock are entitled to judgment as a matter of law.

## A. Federal Law Claims

Even if the Court assumes that Polesky was deprived of federal constitutional or statutory rights by publication of criminal justice information, procurement of the investigative subpoena, the prosecutor's probable cause determination, or the administrative and criminal prosecutions, there is no evidence that Bloom or Gunlock personally participated in these actions. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

· Qualified immunity protects from individual liability public officials performing discretionary tasks, so long as the officials' actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Saucier v. Katz*, 533 U.S. 194, 200-202 (2001). Under Mont. Code Ann. § 33-1-

3

402, the Commissioner of Insurance "may, as often as he considers advisable, examine the accounts, records, documents, and transactions pertaining to or affecting its insurance affairs or proposed insurance affairs of: (1) an insurance producer, surplus lines insurance producer, general insurance producer, or adjuster[.]"

Bloom and Gunlock, as investigators for the Commissioner of Insurance, are entitled to qualified immunity for their actions in entering the office area of the Poleskys' home and there reviewing the Big Sky Insurance Services record. Further, given the existence of Mont. Code Ann. § 33-1-402, no constitutionally protected interest in these records was at stake because Polesky cannot have a reasonable expectation of privacy in his Big Sky Insurance Services records.

## B.     State Law Claims

State employees acting within the course and scope of their employment are protected from individual liability for that conduct by the Montana Tort Claims Act. *Kenyon v. Stillwater County* (1992), 254 Mont. 142, 146, 835 P.2d 742, 745 (overruled on other grounds by *Heiat v. Eastern Mont. College* (1996), 275 Mont. 322, 331, 912 P.2d 787, 793). It is undisputed that Bloom and Gunlock undertook their actions relevant here within the course and scope of their employment.

4

Accordingly, **IT IS HEREBY ORDERED** that Bloom and Gunlock's

Motion for Summary Judgment (*Doc. 35*) is **GRANTED.**   The Clerk of Court is

directed to enter Judgment in favor of Defendants and close this case.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the /6 day of January, 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE